Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
(855) 384-3262

*Attorney for Plaintiff and
the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Andrew McGonigle and Yanira Gomez, *on behalf of themselves and others similarly situated*, <br><br>     Plaintiffs, <br><br> v. <br><br> Freedom Debt Relief, LLC, <br><br>     Defendant. | Civil Action No. <br><br> CLASS ACTION COMPLAINT <br><br> DEMAND FOR JURY TRIAL |

### Nature of the Action

1.     Andrew McGonigle and Yanira Gomez ("Plaintiffs") bring this class action against Freedom Debt Relief, LLC ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of artificial and prerecorded voice calls, and provides in pertinent part:

1

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

\*\*\*\*\*

(iii)     to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

3.     Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

4.     More specifically, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

5.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

6.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as Defendant resides in this district.

2

7.     Venue is also proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

8.     For example, Defendant delivered the subject artificial or prerecorded voice messages to Plaintiffs' cellular telephones from this district.

## Divisional Assignment

9.     Because Defendant is located in San Mateo, California, this case should be assigned to the San Francisco Division.

## Parties

10.     Andrew McGonigle is a natural person.

11.     He resides in Essex County, Virginia.

12.     Yanira Gomez is a natural person.

13.     She resides in Okeechobee County, Florida.

14.     Defendant is a company based in San Mateo, California.

## Factual Allegations

15.     Since August 2024, Mr. McGonigle has been the subscriber to, as well as the sole and customary user of, telephone number (XXX) XXX-5140.

16.     Since August 2024, telephone number (XXX) XXX-5140 has been assigned to a cellular telephone service.

3

17.    In December 2024, Defendant placed a call to telephone number (XXX) XXX-5140 in connection with which it delivered an artificial or prerecorded voice message.

18.    The artificial or prerecorded voice message Defendant delivered in connection with its December 2024 call to telephone number (XXX) XXX-5140 was generic.

19.    As well, the artificial or prerecorded voice message Defendant delivered in connection with its December 2024 call to telephone number (XXX) XXX-5140 used speech patterns common to artificial or prerecorded voice messages and not common in live speech.

20.    Mr. McGonigle answered Defendant's December 2024 call to telephone number (XXX) XXX-5140, and listened to the artificial or prerecorded voice message Defendant delivered.

21.    The artificial or prerecorded voice message Defendant delivered in connection with its December 2024 call to telephone number (XXX) XXX-5140 was intended for someone other than and unknown to Mr. McGonigle—a person named Michael Nettles.

22.    Defendant did not have Mr. McGonigle's prior express consent to place calls to telephone number (XXX) XXX-5140.

23.    Defendant did not have Mr. McGonigle's prior express consent to deliver artificial or prerecorded voice messages to telephone number (XXX) XXX-5410.

24.    Mr. McGonigle never provided telephone number (XXX) XXX-5140 to Defendant.

25.    Mr. McGonigle never had any business relationship with Defendant.

26.    Mr. McGonigle does not have, and never had, an account with Defendant.

27.    Mr. McGonigle does not, and never did, owe any money to Defendant.

28.    Mr. McGonigle did not authorize anyone to use telephone number (XXX) XXX-5140 in connection with calls from Defendant.

29.    Since sometime in 2024, Ms. Gomez has been the subscriber to, as well as the sole and customary user of, telephone number (XXX) XXX-3813.

30.    Since sometime in 2024, telephone number (XXX) XXX-3813 has been assigned to a cellular telephone service.

31.    On March 26, 2025, Defendant delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-3813 that stated:

> Hi Carl, this is [name] with Freedom Debt Relief calling with some great news. We have negotiated a settlement on one of your accounts. We do need you to call back right away so that we can finalize the settlement. Our direct line is 855-522-9232. Thank you.

5

32.    On March 27, 2025, Defendant delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-3813 that stated:

> Hi Carl, this is [name] with Freedom Debt Relief calling with some great news. We have negotiated a settlement on one of your accounts. We do need you to call back right away so that we can finalize the settlement. Our direct line is 855-522-9232. Thank you.

33.    On March 28, 2025, Defendant delivered an artificial or prerecorded voice message to telephone number (XXX) XXX-3813 that stated:

> Hi Carl, this is [name] with Freedom Debt Relief calling with some great news. We have negotiated a settlement on one of your accounts. We do need you to call back right away so that we can finalize the settlement. Our direct line is 855-522-9232. Thank you.

34.    Ms. Gomez does not know the person for whom Defendant's March 26, 2025, March 27, 2025, and March 28, 2025 artificial or prerecorded voice messages were intended.

35.    The artificial or prerecorded voice messages Defendant delivered to telephone number (XXX) XXX-3813 on March 26, 2025, March 27, 2025, and March 28, 2025, are generic.

36.    As well, the artificial or prerecorded voice messages Defendant delivered to telephone number (XXX) XXX-3813 on March 26, 2025, March 27, 2025, and March 28, 2025 use speech patterns common to prerecorded voice messages and not common in live speech.

37.     Ms. Gomez listened to the artificial or prerecorded voice messages Defendant delivered to telephone number (XXX) XXX-3813 on March 26, 2025, March 27, 2025, and March 28, 2025.

38.     Defendant did not have Ms. Gomez's prior express consent to place calls to telephone number (XXX) XXX-3813.

39.     Defendant did not have Ms. Gomez's prior express consent to deliver artificial or prerecorded voice messages to telephone number (XXX) XXX-3813.

40.     Ms. Gomez never provided telephone number (XXX) XXX-3813 to Defendant.

41.     Ms. Gomez never had any business relationship with Defendant.

42.     Ms. Gomez does not have, and never had, an account with Defendant.

43.     Ms. Gomez does not, and never did, owe any money to Defendant.

44.     Ms. Gomez did not authorize anyone to use telephone number (XXX) XXX-3813 in connection with calls from Defendant.

45.     On at least one occasion Ms. Gomez answered a call from Defendant to telephone number (XXX) XXX-3813, at which time she informed Defendant it reached a wrong number, and asked Defendant to stop placing calls to telephone number (XXX) XXX-3813.

46.    Defendant's records identify each call it placed to telephone numbers (XXX) XXX-5410 and (XXX) XXX-3813.

47.    Defendant's records identify each artificial or prerecorded voice message it played or delivered, or attempted to play or deliver, to telephone numbers (XXX) XXX-5410 and (XXX) XXX-3813.

48.    Defendant did not place the subject calls to telephone numbers (XXX) XXX-5410 and (XXX) XXX-3813 for emergency purposes.

49.    Defendant did not deliver the subject artificial or prerecorded voice messages to telephone numbers (XXX) XXX-5410 and (XXX) XXX-3813 for emergency purposes.

50.    Defendant placed the subject calls and delivered the subject artificial or prerecorded voice messages to telephone numbers (XXX) XXX-5410 and (XXX) XXX-3813 under its own free will.

51.    Defendant had knowledge that it was using an artificial or prerecorded voice in connection with calls it placed to telephone numbers (XXX) XXX-5410 and (XXX) XXX-3813.

52.    Plaintiffs suffered actual harm as a result of Defendant's calls and artificial or prerecorded voice messages at issue, in that they suffered an invasion of privacy, an intrusion into their life, and a private nuisance.

53.     Defendant, as a matter of pattern and practice, places calls using an artificial or prerecorded voice, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

### Class Action Allegations

54.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of themselves and a class of similarly situated individuals as defined below:

> All persons and entities throughout the United States (1) to whom Freedom Debt Relief, LLC placed or caused to be placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person who has or had an account with Freedom Debt Relief, LLC, (3) in connection with which Freedom Debt Relief, LLC used an artificial or prerecorded voice, (4) from four years preceding the date of this class action complaint through the date of class certification.

55.     Excluded from the class are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

56.     Upon information and good faith belief, the members of the class are so numerous that joinder of all of them is impracticable.

57.     The exact number of class members is unknown to Plaintiffs at this time and can only be determined through appropriate discovery.

58.    The class is ascertainable because it is defined by reference to objective criteria.

59.    In addition, and upon information and good faith belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendants and third parties, including class members.

60.    Plaintiffs' claims are typical of the claims of the members of the class.

61.    As it did for all members of the class, Defendant placed calls to Plaintiffs' cellular telephone numbers in connection with which it used an artificial or prerecorded voice.

62.    Plaintiffs' claims, and the class members' claims, originate from the same conduct, practice and procedure on the part of Defendant.

63.    Plaintiffs' claims are based on the same theories as the claims of the members of the class.

64.    Plaintiffs suffered the same injuries as the members of the class.

65.    Like all members of the class, Plaintiffs received artificial or prerecorded voice messages from Defendant, without their consent, in violation of 47 U.S.C. § 227.

66.    As it did to all members of the class, Defendant placed calls, in connection with which it used an artificial or prerecorded voice, to Plaintiffs'

cellular telephone numbers even though they never had an account with Defendant.

67.    Plaintiffs will fairly and adequately protect the interests of the members of the class and have retained counsel experienced and competent in class action litigation.

68.    Plaintiffs' interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

69.    Plaintiffs will vigorously pursue the claims of the members of the class.

70.    Plaintiffs' counsel will assert, protect, and otherwise represent the members of the class.

71.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

72.    If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

73.    Furthermore, as the damages suffered by individual members of the class may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

74.    The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

75.    The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

76.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

77.    The pursuit of Plaintiffs' claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

78.    There will be little difficulty in the management of this action as a class action.

79.    Issues of law and fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

80.    Among the issues of law and fact common to the class:

12

a. Defendant's violations of the TCPA as alleged in this class action complaint;

b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

c. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers; and

d. the availability of statutory damages.

81.    Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

## Count I
## Violations of 47 U.S.C. § 227(b)(1)(A)(iii)

82.    Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1 through 81.

83.    Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to telephone numbers (XXX) XXX-5410 and (XXX) XXX-3813, and the cellular telephone numbers of the members of the class, without consent.

84.    Defendant willfully and knowingly violated 47 U.S.C. § 227(b)(1)(A)(iii) in that it willfully and knowingly used an artificial or prerecorded voice in connection with calls it placed to telephone numbers (XXX)

13

XXX-5410 and (XXX) XXX-3813, and the cellular telephone numbers of the members of the class, without consent.

85.    As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiffs and the members of the class are entitled to damages in an amount to be proven at trial.

### Prayer for Relief

WHEREFORE, Plaintiffs prays for relief and judgment, as follows:

a.  Determining that this action is a proper class action, designating Plaintiffs as the class representatives, and designating Plaintiffs' counsel as class counsel under Rule 23 of the Federal Rules of Civil Procedure;

b.  Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from continuing to place calls, or cause to be placed calls, in connection with which it uses an artificial or prerecorded voice, to Plaintiffs and members of the class without their prior express consent, and from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

c.  Awarding Plaintiffs and members of the class damages pursuant to 47 U.S.C. § 227(b)(3)(B);

d.  Awarding Plaintiffs and members of the class treble damages pursuant to 47 U.S.C. § 227(b)(3);

e.  Awarding Plaintiffs and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

f.  Awarding Plaintiffs and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

g.  Awarding such other and further relief as the Court may deem just and proper.

## Jury Trial Demanded

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all triable issues.

Dated: June 27, 2025

Dana J. Oliver, Esq. (SBN: 291082)
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
(855) 384-3262
dana@danaoliverlaw.com

Aaron D. Radbil*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Tel: (561) 826-5477
aradbil@gdrlawfirm.com

15

Anthony I. Paronich*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiffs and the proposed class*

*\* Pro hac vice application to be filed*