1    **MANATT, PHELPS & PHILLIPS, LLP**
     JOHN W. MCGUINNESS (Bar No. CA 277322)
2    E-mail: JMcGuinness@manatt.com
     1050 Connecticut Ave. NW
3    Suite 600
     Washington, D.C. 20036
4    Telephone:    202.585.6500
     Facsimile:    202.585.6600
5
     *Attorneys for Defendant*
6    *FREEDOM DEBT RELIEF, LLC*

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   Andrew McGonigle and Yanira Gomez, *on*          No. 3:25-cv-05426-LJC
     *behalf of themselves and others similarly*
12   *situated*,                                       **NOTICE OF MOTION AND MOTION
                                                        TO DISMISS AND/OR STRIKE
13                    Plaintiffs,                       PLAINTIFFS' COMPLAINT AND
                                                        MEMORANDUM OF POINTS AND
           v.                                           AUTHORITIES IN SUPPORT**
14
15   Freedom Debt Relief, LLC,                         Date:    October 9, 2025
                                                        Time:    1:30 p.m.
16                    Defendant.                        Judge:    Lisa J. Cisneros
                                                        Trial Date:  None Set
17                                                      Action Filed: June 27, 2025

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ....................................................................... 1

RELEVANT FACTS AND ALLEGATIONS ............................................................... 3

APPLICABLE LEGAL STANDARDS ....................................................................... 4

ARGUMENT .............................................................................................................. 5

I.    THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS DO
      NOT PLAUSIBLY ALLEGE ANY THEORY OF LIABILITY AGAINST
      FREEDOM.......................................................................................................... 5

II.   THE COMPLAINT SHOULD ALSO BE DISMISSED BECAUSE PLAINTIFFS
      FAIL TO ADEQUATELY ALLEGE THE CALLS USED A "PRERECORDED"
      VOICE................................................................................................................ 11

III.  PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF SHOULD BE
      DISMISSED. ...................................................................................................... 14

CONCLUSION ........................................................................................................... 15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Aaronson v. CHW Grp., Inc.*,
2019 WL 8953349 (E.D. Va. Apr. 15, 2019)................................................................. 10, 12

*Abante Rooter & Plumbing v. Farmers Grp., Inc.*,
2018 WL 288055 (N.D. Cal. Jan. 4, 2018) ....................................................................... 6, 9

*Aikens v. Synchrony Fin.*,
2015 WL 5818911 (E.D. Mich. July 31, 2015) ................................................................... 12

*Allison v. Wells Fargo Bank, N.A.*,
2022 WL 10756885 (S.D. Cal. Oct. 18, 2022) .......................................................... 3, 12, 14

*Am. Bank v. City of Menasha*,
627 F.3d 261 (7th Cir. 2010)................................................................................................. 2

*Andersen v. Nexa Mortg., LLC*,
2024 WL 3762098 (C.D. Cal. Aug. 12, 2024)........................................................... 3, 11, 13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).............................................................................................. 4, 8, 9, 14

*Assoc. Gen. Contractors of Cal., Inc. v. Carpenters*,
459 U.S. 519 (1983) ............................................................................................................ 14

*Bank v. Alleviate Tax, LLC*,
2024 WL 1332635 (E.D.N.Y. Mar. 28, 2024) ....................................................................... 7

*Bank v. Vivint Solar, Inc.*,
2019 WL 2280731 (E.D.N.Y. Feb. 25, 2019) ...................................................................... 10

*Barnes v. SunPower Corp.*,
2023 WL 2592371 (N.D. Cal. Mar. 16, 2023) ....................................................................... 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................... 4, 8, 12

*Belleville v. Florida Ins. Servs, Inc.*,
2024 WL 2342337 (S.D. Fla. May 23, 2024) ....................................................................... 8

*Bennett v. Celtic Ins. Co.*,
2022 WL 865837 (N.D. Ill. Mar. 23, 2022)................................................................... 7, 10

*Brown v. Nano Hearing Tech OPCP, LLC*,
2024 WL 3367536 (S.D. Cal. July 9, 2024) ......................................................................... 8

*Brownlee v. Allstate Ins. Co.*,
2021 WL 4306160 (N.D. Ill. Sept. 22, 2021) ....................................................................... 6

*Caruso v. Cavalry Portfolio Svcs.*,
2019 WL 4747679 (S.D. Cal. Sept. 30, 2019) ..................................................................... 12

ii

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

*Curry v. Synchrony Bank, N.A.*,
    2015 WL 7015311 (S.D. Miss. Nov. 12, 2015) ....................................................... 12

4

*Davis v. Rockloans Marketplace, LLC*,
    2024 WL 4896587 (S.D. Cal. Nov. 26, 2024) ................................................... 12, 14

5

*Demarattes v. Enhanced Recovery Co., LLC*,
    2022 WL 4121217 (E.D.N.Y. Sept. 9, 2022) ......................................................... 12

6

7

*Dobronski v. Russo*,
    2024 WL 4363118 (E.D. Mich. Sept. 30, 2024) ...................................................... 8

8

*Doyle v. GoHealth, LLC*,
    2023 WL 3984951 (D.N.J. Mar. 30, 2023) ............................................................ 10

9

*Fabricant v. Elavon, Inc.*,
    2020 WL 11884505 (C.D. Cal. Aug. 25, 2020) ...................................................... 11

10

11

*Forney v. Hair Club for Men Ltd., Inc.*,
    2017 WL 4685549 (C.D. Cal. June 26, 2017) ........................................................ 11

12

*Frank v. Cannabis & Glass, LLC*,
    2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) ......................................................... 7

13

14

*Frato v. Cap. Mgmt. Servs. L.P.*,
    2025 WL 73286 (D.N.J. Jan. 8, 2025) .................................................................... 12

15

*Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
    528 U.S. 167 (2000) .............................................................................................. 5

16

17

*Hamilton v. El-Moussa*,
    2020 WL 8993127 (C.D. Cal. Apr. 30, 2020) .................................................... 6, 11

18

*Hicks v. Alarm.com Inc.*,
    2020 WL 9261758 (E.D. Va. Aug. 6, 2020) ............................................ 3, 12, 13, 14

19

20

*Hodge v. Travel & Leisure Co.*,
    2025 WL 327741 (N.D. Cal. Jan. 29, 2025) ........................................................... 12

21

*Hossfeld v. Am. Fin. Sec. Life Ins. Co.*,
    544 F. Supp. 3d 1323 (S.D. Fla. 2021) .................................................................. 10

22

23

*Hurley v. Messer*,
    2018 WL 4854082 (S.D.W.Va. Oct. 4, 2018) ......................................................... 7

24

*Hyatt v. J.B. Hunt Transp. Servs., Inc.*,
    2015 WL 13648356 (W.D. Ark. June 16, 2015) ....................................................... 8

25

*In re Dish Network, LLC*,
    2013 WL 1934349, 28 F.C.C Rcd. 6574 (2013) ...................................................... 6

26

27

*In re Gilead Scis. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ............................................................................... 4

28

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*In re Rules & Regs. Implementing the TCPA*,
4
    30 FCC Rcd. 7961 (2015) ............................................................................. 1, 6, 10

*Ivey v. Bd. of Regents*,
5
    673 F.2d 266 (9th Cir. 1982) ................................................................................... 4

6
*Jones v. Nutiva, Inc.*,
    2017 WL 3617104 (N.D. Cal. Aug. 23, 2017) ................................................... 5, 14
7

*Jones v. Royal Admin. Servs., Inc.*,
8
    887 F.3d 443 (9th Cir. 2018) ................................................................................. 11

9
*Katz v. Caliber Home Loans, Inc.*,
    2023 WL 5311488 (N.D. Tex. Aug. 17, 2023) ....................................................... 9
10

*Kristensen v. Credit Payment Servs.*,
11
    12 F. Supp. 3d 1292 (D. Nev. 2014) ..................................................................... 11

12
*Laccinole v. Gulf Coast Collection Bureau, Inc.*,
    2023 WL 157719 (D.R.I. Jan. 11, 2023) ............................................................... 12

13
*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................ 5
14

*Manopla v. Sansone Jr's 66 Automall*,
15
    2020 WL 1975834 (D.N.J. Jan. 10, 2020) ............................................................ 12

16
*Matthews v. Senior Life Ins. Co.*,
    2025 WL 1181789 (E.D. Va. Apr. 22, 2025) .............................................. 8, 9, 10
17

*Meeks v. Buffalo Wild Wings, Inc.*,
18
    2018 WL 1524067 (N.D. Cal. Mar. 28, 2018) .............................................. 7, 8, 11

19
*Metzler v. Pure Energy USA LLC*,
    2023 WL 1779631 (S.D.N.Y. Feb. 6, 2023) ........................................... 3, 12, 13, 14

20
*Miller v. Time Warner Cable Inc.*,
    2016 WL 7471302 (C.D. Cal. Dec. 27, 2016) ............................................. 3, 5, 15
21

*Moffet v. Everglades Coll., Inc.*,
22
    2024 WL 1657195 (M.D. Fla. Mar. 4, 2024) ....................................................... 12

23
*Murray v. Choice Energy, LLC*,
    2015 WL 4204398 (S.D. Ohio July 10, 2015) ....................................................... 8

24
*Naiman v. Freedom Forever, LLC*,
    2019 WL 1790471 (N.D. Cal. Apr. 24, 2019) ..................................................... 11
25

*Naiman v. TranzVia LLC*,
26
    2017 WL 5992123 (N.D. Cal. Dec. 4, 2017) ....................................................... 11

27
*Nelums v. Mandu Wellness, LLC*,
    2023 WL 5607594 (D.N.M. Aug. 30, 2023) ......................................................... 6

28

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*nexTUNE, Inc. v. McKinney*,
   2013 WL 2403243 (W.D. Wash. May 31, 2013) ..................................................... 4

4

*Pareto v. FDIC*,
   139 F.3d 696 (9th Cir. 1998) ................................................................................ 4

5

*Pascal v. Agentra, LLC*,
   2019 WL 5212961 (N.D. Cal. Oct. 16, 2019) ....................................................... 6

6

7

*Peterson v. City of Hamilton*,
   2006 WL 2850582, (D. Mont. Sept. 29, 2006) ..................................................... 4

8

*Rahimian v. Adriano*,
   2022 WL 798371 (D. Nev. Mar. 16, 2022) .................................................... 12, 14

9

10

*Rogers v. Assurance IQ, LLC*,
   2023 WL 2646468 (W.D. Wash. Mar. 27, 2023) ........................................... passim

11

*Rogers v. Postmates Inc.*,
   2020 WL 3869191 (N.D. Cal. July 9, 2020) ........................................................ 6

12

*Saunders v. NCO Fin. Sys., Inc.*
   910 F. Supp. 2d 464 (E.D.N.Y. 2012) .................................................................. 2

13

14

*Scruggs v. CHW Grp., Inc.*,
   2020 WL 9348208 (E.D. Va. Nov. 12, 2020) ....................................................... 9

15

*Sheski v. Shopify (USA) Inc.*,
   2020 WL 2474421 (N.D. Cal. May 13, 2020) ................................................... 2, 6

16

17

*Smith v. Direct Building Supplies, LLC*,
   2021 WL 4623275 (E.D. Pa. Oct. 7, 2021) ........................................................ 10

18

*Smith v. Pro Custom Solar LLC*,
   2021 WL 141336 (D.N.J. Jan. 15, 2021) ........................................................... 11

19

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) ............................................................................................ 5

20

21

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ................................................................................ 4

22

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998) ........................................................................................ 5, 14

23

24

*Summers v. Earth Island Inst.*,
   555 U.S. 488 (2009) ...................................................................................... 5, 14

25

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014) ...................................................................................... 5, 14

26

27

*Thomas v. Taco Bell Corp.*,
   582 F.App'x 678 (9th Cir. 2014) ......................................................................... 6

28

**TABLE OF AUTHORITIES**
(continued)

Page

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021) ....................................................................................... 3, 5, 14

*Washington Env't Council v. Bellon*,
    732 F.3d 1131 (9th Cir. 2013) ........................................................................... 5

*Wick v. Twilio Inc.*,
    2017 WL 2964855 (W.D. Wash. July 12, 2017) ........................................... 7, 10

*Wilson v. Hewlett-Packard Co.*,
    668 F.3d 1136 (9th Cir. 2012) ........................................................................... 4

*Winters v. Quicken Loans Inc.*,
    2020 WL 5292002 (D. Ariz. Sept. 4, 2020) ................................................... 12

*Woodard v. Health Ins. All.*,
    2024 WL 942629 (N.D. Ill. Mar. 5, 2024) ....................................................... 7

**STATUTES**

47 U.S.C. § 227(b) ................................................................................................. 1

**OTHER AUTHORITIES**

47 C.F.R. § 64.1200(a) ......................................................................................... 1

https://www.merriam-webster.com/dictionary/voicemail (last visited Aug. 17, 2025) ............... 13

**RULES**

Fed. R. Civ. P. 12(b) ................................................................................... passim

1

## NOTICE OF MOTION AND MOTION

2      **PLEASE TAKE NOTICE THAT**, on October 9, 2025 at 1:30 p.m., or as soon thereafter

3   as counsel may be heard, in the courtroom of the Honorable Lisa J. Cisneros, located in Courtroom

4   G, 15th Floor, San Francisco Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102,

5   Defendant Freedom Debt Relief, LLC ("Freedom") will and hereby does respectfully move this

6   Court for dismissal of the Complaint (*see* Dkt. 1, "Complaint" or "Compl.") filed by Plaintiffs

7   Andrew McGonigle ("McGonigle") and Yanira Gomez (individually, "Gomez" and together with

8   McGonigle, "Plaintiffs") in the above-captioned matter, (i) in its entirety under Fed. R. Civ. P.

9   12(b)(6) for failure to state a claim for relief, and/or (ii) in part under Fed. R. Civ. P. 12(b)(1) for

10   lack of federal subject matter jurisdiction for failing to plead facts meeting the elements for standing

11   under Article III of the United States Constitution to seek injunctive.

12      The Complaint should be dismissed under Rule 12(b)(6) because Plaintiffs fail to plead

13   facts supporting the requisite elements of their claims under the Telephone Consumer Protection

14   Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Specifically, Plaintiffs fail to plead facts supporting their

15   allegations, *inter alia*, that: (i) Freedom is directly or vicariously liable for the alleged calls at issue

16   under the TCPA; and/or (ii) the calls were "pre-recorded" under applicable case law interpreting

17   the TCPA. The Complaint is also subject to dismissal under: (i) Rule 12(b)(1) because Plaintiffs

18   fail to plead facts supporting the required elements for Article III standing to seek injunctive relief.

19      This Motion is based on this Notice of Motion and Motion, the incorporated Memorandum

20   of Points and Authorities below, all papers on file herein, all matters subject to judicial notice, and

21   any argument or evidence that may be presented to or considered by the Court prior to ruling.

22      The parties, through their counsel, conferred on the Motion below on August 18, 2025 in

23   accordance with Local Rules and procedures. The parties were unable to reach an agreement.

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

2    In their Complaint, Plaintiffs allege, in conclusory fashion, that Freedom violated Section

3 227(b) of TCPA[1] either by "plac[ing] or caus[ing] to be placed" prerecorded calls by others to their

4 cell phones without their consent. However, Plaintiffs do not plausibly allege that Freedom bears

5 any liability for the calls they allegedly received, much less that the calls violated the TCPA in the

6 first instance. Indeed, Plaintiffs' threadbare allegations fail to comply with basic federal pleadings

7 standards, let alone state a plausible TCPA claim under the weight of applicable federal authority. As

8 discussed below, such an obviously faulty claim cannot survive dismissal in this or any federal case.

9    While the TCPA is certainly an important remedial statute designed to protect consumers

10 from harassing telemarketers, federal courts do not hold TCPA plaintiffs to lower pleading standards

11 than other plaintiffs or give TCPA plaintiffs armed with nothing more than conclusions a free pass to

12 discovery, either. This is for good reason. As the FCC has noted, the TCPA unwittingly spawned a

13 cottage industry of class action litigation, "has strayed far from its original [intended] purpose," and

14 has since "become the poster child for lawsuit abuse" in this country, oft-exploited by entrepreneurial

15 serial plaintiffs and their counsel for profit. *In re Rules & Regs. Implementing the TCPA*, 30 FCC

16 Rcd. 7961, 8073 (2015). In fact, as this Court knows, dozens of new TCPA complaints are filed in

17 federal courts across the country weekly—sometimes even daily, and that is just in the Ninth Circuit

18 alone—styled as class actions. But many of these cases are not filed by consumers using the statute

19 for its intended purpose, but rather by seemingly professional litigants who have had numerous prior

20 claims (as is true for Plaintiffs here, whom PACER shows have filed many similar TCPA cases).

21    All this is unsurprising, given the broad financial relief the TCPA affords plaintiffs and the

22 relative ease with which such claims can be brought and quickly settled for far beyond their value.[2]

23 And while attorneys' fees are not available under the statute, even "remedial laws [like the TCPA]

24 ───────────────

[1] Section 227(b) of the TCPA, in pertinent part, provides that no person shall "make any call (other

25 than a call made for emergency purposes or made with prior express consent of the called party) using

26 … an artificial or prerecorded voice" to a cell phone number. 47 U.S.C. § 227(b)(1)(A)(iii); *see also*

47 C.F.R. § 64.1200(a)(1) & (2) (the TCPA's related implementing regulations).

27 [2] A plaintiff can recover up to $500 in statutory damages per call, which can be trebled to $1,500

for "willful" or "knowing" violations. *See* 47 U.S.C. § 227(b)(3). These numbers may seem small

28 individually, but can be ruinous in a class action, hence why most TCPA cases are styled as class

actions and settled for much more than what the named plaintiff would ever receive at trial.

can be abused and perverted into money-making vehicles for individuals and lawyers" and used to seek a windfall of potentially ruinous damages and exorbitant legal fees from otherwise innocent defendants through the threat of expensive class action litigation. *Saunders v. NCO Fin. Sys.*, Inc. 910 F. Supp. 2d 464, 465 (E.D.N.Y. 2012). *See also Am. Bank v. City of Menasha, ,* 627 F.3d 261, 266 (7th Cir. 2010) (noting that plaintiffs can sometimes "us[e] discovery to impose asymmetric costs on [d]efendants in order to force a settlement … regardless of the merits of his suit").

It is within this backdrop that federal judges across the country have widely recognized that, in TCPA cases and especially in putative TCPA class actions like this one, they must dutifully exercise their role as a gatekeeper under the Federal Rules to ensure that claims meet the plausibility threshold before defendants are subjected to the rigors and costs of discovery and, in doing so, that they must balance the important goal of protecting consumers from unwanted telemarketing calls against the competing but equally important goal of protecting defendants from abusive litigation. Consequently, TCPA complaints like the one at bar, built on a weak foundation of barren conclusions lacking in factual support, are routinely dismissed by district courts in and beyond the Ninth Circuit at the pleadings stage. Here, Plaintiffs' Complaint should suffer the same fate for several reasons.

As a threshold matter, it is well established that all TCPA plaintiffs must first plead facts, pled in accordance with bedrock federal pleadings standards, supporting a viable theory of TCPA liability (*i.e.,* direct or vicarious liability) or face dismissal.[3] This rule requires Plaintiffs to plausibly allege, with sufficient non-conclusory supporting facts, that Freedom (i) itself, not a third party, took the steps to "physically" place the calls directly to their cell phone, as required for direct TCPA liability, or (ii) had an agency relationship with or control over any third parties who did, as required to allege vicarious TCPA liability. At the same time, it is equally well-accepted that relying on the pled content of an allegedly violative communication (which is all Plaintiffs do here), even if the defendant's name or products are mentioned in it, cannot avoid dismissal on these grounds. Here, Plaintiffs merely conclude they received "prerecorded" calls "from" Freedom without adequate

---

[3] *See, e.g., Sheski v. Shopify (USA) Inc.,* 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (discussing the key differences between direct and vicarious TCPA liability and dismissing the entire case where, as here, the plaintiff failed to plead sufficient plausible facts supporting either theory.).

1   supporting facts, which myriad courts have found is insufficient to plausibly allege any TCPA

2   liability theory. This defect <u>alone</u> is fatal to their entire Complaint under Rule 12(b)(6).

3          But even if Plaintiffs had plausibly alleged a viable theory of liability (they have not), they

4   do not allege sufficient facts from which to infer that the subject calls were truly prerecorded, as

5   opposed to a live speaker reading from a script leaving routine voicemails. Many district courts in

6   and beyond the Ninth Circuit have dismissed similarly-deficient TCPA claims at the pleadings

7   stage under Rule 12(b)(6) for failure to meet federal pleading standards.[4] The Court should do the

8   same in this instance and dismiss the entire Complaint for this additional reason.

9          Lastly, Plaintiffs also generally seek injunctive relief but omit any facts from their pleading

10  suggesting they are at imminent risk of a future injury, as required to have standing under Article III

11  of the U.S. Constitution to seek injunctive relief in any federal case.[5] Plaintiffs' lack of Article III

12  standing to seek injunctive relief deprives this Court of federal subject matter jurisdiction to award

13  such relief, which in turn mandates dismissing their requests for injunctive relief under Rule 12(b)(1).

14                          **RELEVANT FACTS AND ALLEGATIONS**

15         In pertinent part, Plaintiff McGonigle alleges that "Defendant placed a call" to his cell

16  phone in December 2024 that "delivered an artificial or prerecorded voice message" without his

17  consent. Dkt. 1 ¶¶ 17, 22. According to Plaintiff McGonigle, the message was "generic" and "used

18  speech patterns common to artificial or prerecorded voice messages and not common in live

19  speech." *Id*. ¶¶ 18-19. He does not provide any other information regarding the source or content

20  of the alleged call from which to infer <u>who</u> placed it or whether it was truly "prerecorded."

21         Similarly, Plaintiff Gomez alleges that, on March 26, 27, and 28, 2025, "Defendant

22  delivered an artificial or prerecorded voice message" to her cell phone without her consent. *Id*. ¶¶

23

24  [4] *See, e.g., Metzler v. Pure Energy USA LLC*, 2023 WL 1779631, at *6 (S.D.N.Y. Feb. 6, 2023)
    (dismissing where the plaintiff alleged receipt of a "prerecorded" voicemail but pled no other factual
25  details suggesting it was truly prerecorded); *Hicks v. Alarm.com Inc*., 2020 WL 9261758, at *5 (E.D.
    Va. Aug. 6, 2020) (same); *Andersen v. Nexa Mortg., LLC*, 2024 WL 3762098, at *4 (C.D. Cal. Aug.
26  12, 2024) (dismissing where complaint omitted facts supporting an inference that the calls at issue
    were prerecorded). *See also Allison v. Wells Fargo Bank, N.A.,* 2022 WL 10756885, at *3 (S.D. Cal.
27  Oct. 18, 2022) (rejecting argument that "the use of a 'prerecorded voice' is [a] self-defining" term).

    [5] *See, e.g., TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021). *See also Miller v. Time Warner
28  Cable Inc.,* 2016 WL 7471302, at *2–4 (C.D. Cal. Dec. 27, 2016) (dismissing in TCPA case).

31-33. The caller allegedly identified themselves by name and stated they were "with Freedom Debt Relief." *Id.* Aside from this, however, Plaintiff Gomez provides no other facts regarding the source of the alleged calls, let alone indicating Freedom itself placed them. According to Plaintiff Gomez, the messages were "generic" and "used speech patterns common to artificial or prerecorded voice messages and not common in live speech." *Id.* ¶¶ 35-36. Plaintiffs' class allegations further muddy the proverbial waters here, as they suggest that Freedom either "placed or caused to be placed" the subject calls. *Id.* ¶ 54. In other words, Plaintiffs seemingly contend that either Freedom itself placed the subject calls, or that it "caused" an unidentified third party to place them.

As shown below, such sparse and conclusory allegations are insufficient to avoid dismissal under the vast weight of applicable federal authority on standards for pleading TCPA claims.

## APPLICABLE LEGAL STANDARDS

Rule 12(b)(6) provides for dismissal where a plaintiff fails to sufficiently state a claim for relief. A legal claim brought in federal court mandates the pleading of sufficient facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). A "bare assertion" and "conclusory allegation[s]" will not suffice. *Id.* A "formulaic recitation of the elements" of a claim also fails to meet the requisite pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also id.* (pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Moreover, while the Court must generally accept Plaintiff's factual allegations as true, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 n.4 (9th Cir. 2012) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). *see also Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998) ("conclusory allegations of law and unwarranted inferences are not sufficient" to avoid dismissal under federal pleading standards); *nexTUNE, Inc. v. McKinney*, 2013 WL 2403243, at *4 (W.D. Wash. May 31, 2013) ("[S]peculation unsupported by any factual allegation is insufficient to survive a motion to dismiss under [Rule] 12(b)(6).") (citing *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)); *Peterson v. City of Hamilton*, 2006 WL 2850582, at *1 (D. Mont. Sept. 29, 2006) ("A plaintiff … must plead [facts supporting] the essential elements of a claim to survive dismissal under Rule 12(b)(6).") (citing *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Dismissal of a complaint is also required under Rule 12(b)(1) for lack of federal subject matter jurisdiction where, as here, a plaintiff fails to establish his or her Article III standing. *See*, *e.g.*, *Washington Env't Council v. Bellon*, 732 F.3d 1131, 1147 (9th Cir. 2013). Where a plaintiff lacks Article III standing to seek a particular form of relief, like injunctive relief, the Court lacks federal subject matter jurisdiction to award it and may dismiss just that claim. *See*, *e.g.*, *Miller*, 2016 WL 7471302, at *2–4. In that regard, in addition to the three traditional elements,[6] to establish Article III standing to seek injunctive relief in *any* federal case, plaintiffs must plead plausible facts suggesting a possible imminent future injury to themselves. *See*, *e.g.*, *Jones v. Nutiva, Inc.*, 2017 WL 3617104, at *4 (N.D. Cal. Aug. 23, 2017); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (to have Article III standing for injunctive relief, "the threatened injury is 'certainly impending,' or [that] there is a 'substantial risk' that the harm will occur."). In other words, under binding federal law, injunctive relief is proper only when a plaintiff properly alleges "a risk of future harm" to themselves that is "sufficiently imminent and substantial." *Ramirez*, 594 U.S. at 435. *See also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 108-09 (1998) (a "generalized interest in deterrence" is insufficient to demonstrate standing for injunctive relief); *Summers v. Earth Island Inst.,* 555 U.S. 488, 493 (2009) (the threat of future harm "must be actual and imminent, not conjectural or hypothetical") (citing *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180–181 (2000)). Failure to allege such facts warrants dismissal of the request for injunctive relief under Rule 12(b)(1). *See Miller*, 2016 WL 7471302, at *2–4.

## **ARGUMENT**

## I.   **THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFFS DO NOT PLAUSIBLY ALLEGE ANY THEORY OF LIABILITY AGAINST FREEDOM.**

As an initial matter, the entire Complaint is subject to dismissal because Plaintiffs fail to plausibly allege a theory of liability under the TCPA against Freedom. It is well-accepted that there are two potential theories of liability under the TCPA that <u>must</u> be adequately pled in <u>all</u> cases to

---

[6] *See Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (discussing the three traditional elements). Though not discussed further below, Freedom does not concede (and disputes) that Plaintiffs have met, or can meet, these elements.

avoid a dismissal under Rule 12(b)(6)—direct liability or vicarious liability. *See, e.g.*, *Rogers v. Postmates Inc*., 2020 WL 3869191, at *3 (N.D. Cal. July 9, 2020) (citing *Thomas v. Taco Bell Corp.*, 582 F.App'x 678, 679 (9th Cir. 2014)). Thus, the defendant "must either (1) directly make the call, or (2) have [a common law] agency relationship with the person who made the call." *Pascal v. Agentra, LLC*, 2019 WL 5212961, at *2 (N.D. Cal. Oct. 16, 2019) (quoting *Abante Rooter & Plumbing v. Farmers Grp., Inc*., 2018 WL 288055, at *4 (N.D. Cal. Jan. 4, 2018)). Failure to adequately plead these theories warrants dismissal of <u>any</u> TCPA claim under Rule 12(b)(6), regardless of whether facts supporting other elements of the claim. *See, e.g., Nelums v. Mandu Wellness, LLC*, 2023 WL 5607594, at *9 (D.N.M. Aug. 30, 2023) ("Because Plaintiff fails to satisfy the first elements of the TCPA and [an equivalent state statute]—that Defendants were directly or vicariously liable for the text messages—the Court does not reach Defendants' arguments regarding whether Plaintiff adequately plead the other elements" of the asserted claims."); *see also Sheski*, 2020 WL 2474421, at *2 (dismissing entire complaint). Here, Plaintiffs do not plausibly allege either theory.

As to the former theory, it is well-settled that direct liability under the TCPA applies *only* to persons or entities that "make" or "initiate" calls directly to the plaintiff. *See Sheski*, 2020 WL 2474421, at *2 (citing *In re Dish Network, LLC*, 2013 WL 1934349, 28 F.C.C. Rcd. 6574, 6583 ¶ 26 (2013)). In this context, "a person or entity 'initiates' a telephone call when it takes the steps necessary to ***physically place*** a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." *In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6583 ¶ 26 (emphasis added). *See also Hamilton v. El-Moussa*, 2020 WL 8993127, at *2 (C.D. Cal. Apr. 30, 2020) (dismissing TCPA claim on this basis, citing *Thomas*); *Brownlee v. Allstate Ins. Co.,* 2021 WL 4306160, at *1 (N.D. Ill. Sept. 22, 2021) (holding that TCPA plaintiffs must allege facts to "allow the Court to reasonably infer that defendant is [directly] liable for ***each call***" at issue) (emphasis added). In short, "direct TCPA liability" means exactly what it sounds like—the defendant itself, and not a third party, must ***physically*** place (or make, initiate, transmit, send, etc.) each phone call at issue ***directly*** to the plaintiff. *See In re Rules and Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, 7980

(Jul. 10, 2015) (there must be a "direct connection between a person or entity and the making of a call" for direct TCPA liability to attach). Indirect connections will not suffice. *See, e.g., Bennett v. Celtic Ins. Co.,* 2022 WL 865837, at *3 (N.D. Ill. Mar. 23, 2022) (dismissing on this basis, holding "a [TCPA] defendant 'generally does not [physically] initiate calls placed by third-party telemarketers,' even if the third party had acted on its behalf"); *Wick v. Twilio Inc.,* 2017 WL 2964855, at *3 (W.D. Wash. July 12, 2017) (ruling similarly and dismissing on this basis).[7]

Consistent with bedrock federal pleadings standards, however, "merely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim" and cannot survive dismissal under Rule 12(b)(6). *Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019). *See also Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *5 (W.D. Wash. Mar. 27, 2023) (dismissing on this basis where "[p]laintiffs have not pleaded any *facts* supporting their inference that [said defendant] physically dialed the calls to four of the individual plaintiffs" (emphasis in original)). Indeed, as one federal district court aptly noted, "simply asserting a purported fact [like Plaintiffs repeatedly did here] does not make it one, where there are no factual allegations to support the asserted conclusion." *Bank v. Alleviate Tax, LLC*, 2024 WL 1332635, at *5, n.6 (E.D.N.Y. Mar. 28, 2024) (dismissing TCPA complaint on this basis); *Woodard v. Health Ins. All.,* 2024 WL 942629, at *3 (N.D. Ill. Mar. 5, 2024) (dismissing on this basis and holding that all "TCPA actions must allege some facts which are distinguishable from the statutory language of the TCPA itself to state a claim and survive dismissal" under Rule 12(b)(6)).

Moreover, while courts do not expect plaintiffs to know ***every detail*** to support liability at the pleadings stage, they have consistently held that TCPA plaintiffs must adequately plead plausible facts supporting direct (or, alternatively, vicarious) TCPA liability without the benefit of discovery to avoid a dismissal under Rule 12(b)(6). *See, e.g., Hurley v. Messer,* 2018 WL 4854082, at *4 (S.D.W.Va. Oct. 4, 2018) (dismissing where plaintiff did not sufficiently identify who physically

---

[7] While various provisions of the TCPA use the terms "make" or "initiate" somewhat interchangeably, courts evaluating and dismissing conclusory direct TCPA liability claims like Plaintiffs' under Rule 12 (including those above and others) have uniformly held that "make" or "initiate" in this context means to "physically" place a call. *See also Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *3–5 (N.D. Cal. Mar. 28, 2018) (dismissing on these grounds

placed the subject calls, noting "allowing discovery where [p]laintiff has failed to allege a plausible claim would be directly contrary to the mandates of *Iqbal* and *Twombly*"); *Hyatt v. J.B. Hunt Transp. Servs., Inc.*, 2015 WL 13648356, at *2 (W.D. Ark. June 16, 2015) (ruling similarly). In short, as a party to these calls, Plaintiffs can easily provide greater detail to properly allege direct TCPA liability without discovery. *Matthews v. Senior Life Ins. Co.*, 2025 WL 1181789, at *3 (E.D. Va. Apr. 22, 2025).

As applied here, Plaintiffs merely conclude that Freedom either "placed or caused to be placed" the subject calls. *See, e.g.,* Dkt. 1, ¶ 54. In other words, what Plaintiffs seemingly are really alleging, at bottom, is that either Freedom itself "placed" the subject calls or that it caused "caused" an unidentified third-party "telemarketer" to place them "on its behalf." This equivocal and conclusory "either/or" pleading approach has been widely rejected by federal courts in the TCPA context. *See, e.g., Brown v. Nano Hearing Tech OPCP, LLC*, 2024 WL 3367536, at *3 (S.D. Cal. July 9, 2024) (dismissing where plaintiff concluded the caller's "numbers belonged to [defendant] Nano or Nano's agent," without factual support demonstrating the defendant itself physically placed any call); *Dobronski v. Russo*, 2024 WL 4363118, at *5 (E.D. Mich. Sept. 30, 2024) (dismissing, holding that a plaintiff "simply alleg[ing] that 'Defendants or Defendants' agent' initiated calls" to him was insufficient to plead a theory of TCPA liability). This Court should reach the same conclusion here.

Further, the sole allegation connecting Freedom to the calls at issue is that the voicemail messages to Gomez (but not McGonigle) allegedly identified the speaker as being "with Freedom Debt Relief." Dkt. 1, ¶¶ 32-33. Even if true, this does not allow for a plausible inference that Freedom owns or operates the phone number or that it otherwise physically made the subject call itself, such that it could be directly liable under the TCPA. *See, e.g., Murray v. Choice Energy, LLC*, 2015 WL 4204398, at *2 (S.D. Ohio July 10, 2015) (dismissing on this basis, even though plaintiff was "informed that the call was from Choice Energy," where there were "no factual allegations … that Choice Energy had any active role or involvement in [physically] placing the calls"); *Meeks*, 2018 WL 1524067, at *1–5 (dismissing and no direct liability in TCPA case, even though at-issue text allegedly identified defendant by name and contained a link to its website); *Belleville v. Florida*

*Ins. Servs, Inc.,* 2024 WL 2342337, at *4 (S.D. Fla. May 23, 2024), *report and rec. adopted in part and rejected in part,* 2024 WL 2794108 (May 31, 2024) (recommending and approving dismissal, even though one caller allegedly said they were calling "from" the defendant and provided its website, where plaintiff merely alleged "in conclusory fashion that [the] Defendant was directly involved in making" the subject calls); *Abante Rooter*, 2018 WL 288055, at *4 (dismissing direct TCPA liability, finding allegations that caller stated they were calling "on behalf of" the defendant and identified defendant by name insufficient); *Katz v. Caliber Home Loans, Inc.,* 2023 WL 5311488, at *3 (N.D. Tex. Aug. 17, 2023) (dismissing where plaintiff concluded that an "unidentified caller 'offered the Defendant's services from the Caliber Home Loan Mortgage Refinance Team'"); *Scruggs v. CHW Grp., Inc.,* 2020 WL 9348208, at *6-10 (E.D. Va. Nov. 12, 2020) (allegations that caller expressly stated he/she was "associated with" the defendant and identified the defendant by name were insufficient for direct <u>or</u> vicarious TCPA liability, holding "this statement does not foreclose the possibility that a third party" made the call); *Matthews*, 2025 WL 1181789, at *3 (dismissing TCPA claim where complaint contained only conclusory allegations that the calls came "from" the defendant); *Barnes v. SunPower Corp.,* 2023 WL 2592371, at *1-3 (N.D. Cal. Mar. 16, 2023) (dismissing on this basis, even though one plaintiff spoke to someone "who identified herself as working for" defendant, and the other received a "call back number" for defendant by the caller and received an email from defendant after the call). In sum, the foregoing well-reasoned authorities (and many others) show that the alleged content of the communications at issue is not enough to plausibly allege direct TCPA liability theory, standing alone. Instead, more factual enhancement is needed.

       *Scruggs* is instructive on this point. There, the sole allegation connecting the defendant to the calls was that the caller "identified himself as associated with [the defendant] and attempted to sell [the plaintiff] a home warranty." 2020 WL 9348208, at *6. The court dismissed, finding that this "lone link" to the defendant was insufficient to plausibly allege any theory of liability against the defendant under the *Iqbal* pleading standards. *Id*. at *10. Similarly, in *Matthews*, the plaintiff merely concluded that he "repeatedly received calls from [the defendant]." 2025 WL 1181789, at *3. The court held "this threadbare recitation" insufficient to state a direct TCPA liability claim. *Id*.

1    Further, while the plaintiff identified the phone number from which the calls were placed, he "d[id]

2    not link that phone number to [the defendant]." *Id*. The same glaring deficiencies exist in this case.

3       Indeed, Plaintiffs' Complaint is perhaps more notable for the facts it <u>omits</u> in this regard.

4    For example, Plaintiffs do <u>not</u> plausibly allege, or even state in conclusory fashion, *inter alia,* that:

5    (i) the phone number allegedly used by the caller to place the calls is ***owned*** by Freedom; (ii) their

6    Caller ID identified "Freedom Debt" as the source of the calls; or (iii) that they ever called the

7    phone number used back and reached Freedom. Such facts, if properly pled, ***might*** support a direct

8    TCPA liability theory, as other courts have found. *See, e.g., Smith v. Direct Building Supplies, LLC*,

9    2021 WL 4623275, at *3 (E.D. Pa. Oct. 7, 2021) (dismissing on this basis where complaint lacked

10   such contextual factual allegations); *Rogers v. Assurance IQ*, 2023 WL 2646468, at *5 (same);

11   *Aaronson v. CHW Grp., Inc.,* 2019 WL 8953349, at *4 (E.D. Va. Apr. 15, 2019) (same); *Doyle v.*

12   *GoHealth, LLC*, 2023 WL 3984951, at *4-6 (D.N.J. Mar. 30, 2023) (dismissing on this basis where

13   plaintiff did "not allege that the number associated with the call … belonged to [d]efendant"); *Bank*

14   *v. Vivint Solar, Inc*., 2019 WL 2280731, at *2 (E.D.N.Y. Feb. 25, 2019), *report and rec. adopted*,

15   2019 WL 1306064 (Mar. 22, 2019) (dismissing where complaint was "silent as to the caller ID

16   displayed" during the subject call). The omission of such facts here is fatal to the entire Complaint.

17      All this is logical and consistent with how federal courts have historically applied the

18   *Iqbal*/*Twombly* pleading standard in TCPA cases for decades and is in recognition that companies

19   often hire third parties to make their outbound calls. Indeed, calls initiated by a third-party vendor

20   would naturally identify the defendant by name, sell its products, or contain a link to its website,

21   and thus the defendant may have "caused" those communications to be initiated in a technical sense,

22   as Plaintiffs allege. *See, e.g.,* Dkt. 1, ¶ 54. Such calls are not "physically placed" by the defendant

23   ***itself directly*** and, therefore cannot support direct TCPA liability as a matter of law. *See Bennett*

24   and *Wick*, *supra*. *See also Hossfeld v. Am. Fin. Sec. Life Ins. Co.,* 544 F. Supp. 3d 1323, 1331–32

25   (S.D. Fla. 2021) (holding that a TCPA defendant "cannot be directly liable for calls made by third

26   parties"). Again, federal law is clear that there must be a "direct connection between a person or

27   entity and the making of a call" for direct TCPA liability; indirect connections will not suffice. *In*

28   *re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, 7980 (2015). No such "direct

1  connection" has been alleged here; thus, the Complaint should be dismissed on this basis.

2  Lastly, despite including legal buzzwords in their class allegation vaguely suggestive of

3  possible third party involvement as noted above, Plaintiffs do not assert any factual allegations in

4  the Complaint remotely supporting an inference that Freedom was in a common law agency

5  relationship with any third party that called them, let alone that Freedom had specific "control"

6  over the "manner and means" of any third party caller's telemarketing campaign (which is the

7  touchstone of vicarious liability in a TCPA case and must also be adequately pled in all cases),

8  even in conclusory fashion. *See, e.g., Jones v. Royal Admin. Servs., Inc*., 887 F.3d 443, 449-50 (9th

9  Cir. 2018); *Rogers*, 2023 WL 2646468, at *6 (citing *Fabricant v. Elavon, Inc.*, 2020 WL 11884505,

10  at *4 (C.D. Cal. Aug. 25, 2020)); *Meeks*, 2018 WL 1524067, at *6.[8] Consequently, Plaintiffs'

11  Complaint should also be dismissed on vicarious TCPA liability grounds. *See, e.g.*, *Naiman v.*

12  *Freedom Forever, LLC*, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (rejecting unsupported

13  "agency" allegations as "wholly conclusory" and dismissing based thereon under Rule 12(b)(6));

14  *Fabricant*, 2020 WL 11884505, at *4 (dismissing where agency "allegations [we]re not supported by

15  facts that show[ed] 'how [the defendant] did those things or how it knew those things'") (quoting

16  *Naiman v. TranzVia LLC,* 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017)); *Hamilton*, 2020 WL

17  2614625, at *2-3 (dismissing in part on this basis where agency allegations were merely conclusory).

18  **II.     THE COMPLAINT SHOULD ALSO BE DISMISSED BECAUSE PLAINTIFFS FAIL
19           TO ADEQUATELY ALLEGE THE CALLS USED A "PRERECORDED" VOICE.**

20  To state a claim under Section 227(b) of the TCPA and survive dismissal here, Plaintiffs'

21  "[C]omplaint must [also] include some factual allegations beyond 'the call had a prerecorded [or

22  artificial] voice.'" *Smith v. Pro Custom Solar LLC*, 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021).

23  *See also Andersen,* 2024 WL 3762098, at *4 (citing *Forney v. Hair Club for Men Ltd., Inc.*, 2017

24  WL 4685549, at *2 (C.D. Cal. June 26, 2017) (ruling similarly)). While courts do not expect a

25  plaintiff to know the exact technical specifications of a call at the pleading stage, they have

26  _____

27  [8] Indeed, "[t]hough 'the precise details of the agency relationship need not be pleaded to survive [dismissal on this basis], sufficient facts must be offered [in the complaint] to support a reasonable inference that an agency relationship existed.'" *Meeks*, 2018 WL 1524067, at *5 (quoting *Kristensen*

28  *v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)). But none were pled here.

consistently held plaintiffs must plead plausible facts and contextual details supporting an inference that prerecorded technology was used, as opposed to a live human speaking, to meet federal pleadings standards and survive dismissal for Section 227(b) claims. *See, e.g., Metzler,* 2023 WL 1779631, at *3 and *Hicks*, 2020 WL 9261758, at *4 (both finding similar conclusory allegations about voicemails insufficient to support an inference that the calls at issue were prerecorded, without more); *see also Curry v. Synchrony Bank, N.A.*, 2015 WL 7015311, at *2-3 (S.D. Miss. Nov. 12, 2015) (dismissing Section 227(b) claim where, as here, the plaintiff had "'not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone'") (quoting *Aikens v. Synchrony Fin.*, 2015 WL 5818911, at *4 (E.D. Mich. July 31, 2015)). In other words, under the *Iqbal/Twombly* pleading standard, Plaintiffs cannot simply refer to a call or "voice" as being "prerecorded" or "artificial" to state such a claim. *See Allison,* 2022 WL 10756885, at *3 (dismissing and rejecting argument "the use of a 'prerecorded voice' is [a] self-defining" term); *Rahimian v. Adriano,* 2022 WL 798371, at *2 (D. Nev. Mar. 16, 2022) (dismissing on this basis, and explaining most courts in California have required specific facts to support the conclusion that defendants used a prerecorded voice in violation of the TCPA to avoid dismissal on the pleadings).[9]

Nor are TCPA plaintiffs entitled to discovery at this stage to plead such facts. *See, e.g., Rogers v. Assurance IQ, LLC*, 2023 WL 2646468, at *5 (dismissing on this basis, holding: "[e]ven at this pre-discovery stage, Plaintiffs should be able to allege facts establishing that the calls were in-fact pre-recorded" and such "information is known to Plaintiffs without any discovery"); *Hodge v. Travel + Leisure Co.*, 2025 WL 327741, at *2 (N.D. Cal. Jan. 29, 2025) (dismissing Section 227(b) claim on this basis, holding "[i]t would be inconsistent with *Twombly* to allow such conclusory allegations to satisfy a plaintiff's pleading burden" and that this "does not create an impossible burden" on

---

[9] Many courts in and beyond this Circuit have dismissed Section 227(b) claims under Rule 12(b)(6) similarly lacking in such contextual details, in fact. *See also Aaronson,* 2019 WL 8953349, at *3-4; *Caruso v. Cavalry Portfolio Svcs.,* 2019 WL 4747679, at *4 (S.D. Cal. Sept. 30, 2019); *Manopla v. Sansone Jr's 66 Automall*, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020); *Winters v. Quicken Loans Inc.,* 2020 WL 5292002, at *4 (D. Ariz. Sept. 4, 2020); *Demarattes v. Enhanced Recovery Co., LLC*, 2022 WL 4121217, at *7 (E.D.N.Y. Sept. 9, 2022); *Laccinole v. Gulf Coast Collection Bureau, Inc.,* 2023 WL 157719, at *3 (D.R.I. Jan. 11, 2023); *Rogers,* 2023 WL 2646468, at *5; *Moffet v. Everglades Coll., Inc.,* 2024 WL 1657195, at *3 (M.D. Fla. Mar. 4, 2024); *Davis v. Rockloans Marketplace, LLC,* 2024 WL 4896587, at *2 (S.D. Cal. Nov. 26, 2024); *Frato v. Cap. Mgmt. Servs. L.P.,* 2025 WL 73286, at *3 (D.N.J. Jan. 8, 2025).

plaintiffs prior to discovery, and noting that "district courts within this Circuit largely agree").

Such contextual details are critically important where, as here, the plaintiff allegedly received a voicemail. That is because a voicemail, by definition, "is an electronic communication system in which **spoken messages are recorded or digitized and stored for later playback** by the intended recipient." *See* https://www.merriam-webster.com/dictionary/voicemail (last visited Aug. 17, 2025) (emphasis added). Yet, a voicemail message left by a live person in real time does not violate the TCPA. *See, e.g.*, *Andersen,* 2024 WL 3762098, at *4 ("To survive a motion to dismiss [for a Section 227(b) claim], a plaintiff must include factual allegations indicating that a prerecorded voice, as opposed to that of a real, live person, was used."). In short, the "message" would have had to have been recorded *before* the call to violate the TCPA, not left in real-time.

*Metzler v. Pure Energy USA LLC* is instructive on this point. There, the court dismissed a similar TCPA complaint based on purported "prerecorded" voicemails, where the plaintiff did not interact with the caller or adequately describe how the voice sounded, and the content of "[t]he voicemail itself [as alleged] provide[d] no indication that it was prerecorded as opposed to having been left by a caller reading from a script." 2023 WL 1779631 at *1, 6. Other courts have ruled similarly, even where there were more contextual details pled than are here. *See, e.g., Andersen*, 2024 WL 3762098, at *4 (allegations about "pauses" insufficient to show voicemail was prerecorded); *Hicks*, 2020 WL 9261758, at *5 (rejecting similar allegations about a "generic" voicemail).

Here, neither Plaintiff provides sufficient contextual details from which this Court could reasonably infer that any of the calls they allegedly received were prerecorded. For example, Plaintiff McGonigle merely concludes the calls were prerecorded because they were "generic" and "used speech patterns common to artificial or prerecorded voice[.]" Dkt. 1, ¶ 19. He does not, however, allege how the voice **sounded**, or that he tried to interact with the caller and the caller was non-responsive to his questions or did not alter their tone of voice, the latter of which might be indicative of a prerecorded voice message (as opposed to a live person reading from a script) in some cases. Similarly, Plaintiff Gomez alleges that she received three voicemails that were "generic" and "use[d] speech patterns common to prerecorded voice messages and not common in live speech." *See* Dkt. 1, ¶¶ 35-36. Here again, she fails to describe how the voice sounded or any

-13-

1    other facts that would actually suggest the messages were not left by a live person. That the

2    messages were supposedly "generic" in content is of no moment and does not support an inference

3    the voicemails were prerecorded, as opposed to a live person reading from a script, standing alone.

4    *See, e.g., Hicks*, 2020 WL 9261758, at *5 (rejecting similar allegations about a "generic" voicemail);

5    *Metzler*, 2023 WL 1779631, at 6 (ruling similarly). Indeed, scripts, by their nature, are "generic."

6    This Court should reach the same sound conclusions in the present case.

7           These factual omissions are telling, as surely "this kind of information should be available

8    to plaintiffs bringing [such] TCPA claims" prior to discovery and it must be sufficiently pled to

9    support such a claim. *Davis*, 2024 WL 4896587, at *2. That they were not pled is fatal. *See also*

10   *Rogers*, 2023 WL 2646468, at *4 (dismissing §227(b) claim on this basis for the same deficiencies,

11   holding: "[e]ven at this pre-discovery stage, Plaintiffs should be able to allege facts establishing

12   that the calls were in-fact pre-recorded" and that such "information is known to Plaintiffs without

13   any discovery"); *Assoc. Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983) ("It

14   is not ... proper to assume [the plaintiff] can prove facts that he has not alleged[.]").

15          At bottom, the pre-recorded voice claim alleged here is fatally deficient and therefore subject

16   to dismissal on its face because "[w]ithout further specifics, Plaintiff[s'] allegation is conclusory" and

17   does not meet federal pleading standards. *Rahimian*, 2022 WL 798371, at *3 (dismissing); *see also*

18   *Allison*, 2022 WL 10756885, at *3 (dismissing and noting "'[t]hreadbare recitals" of the TCPA

19   elements are insufficient" to state a claim under Rule 12(b)(6)) (quoting *Iqbal*, 556 U.S. at 678). As

20   such, Plaintiffs' entire Complaint should be dismissed for this additional reason.

21   **III.    PLAINTIFFS' REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED.**

22          Among other remedies, Plaintiffs also generally seek injunctive relief. *See, e.g.,* Dkt. 1,

23   Prayer for Relief. To establish Article III standing to seek injunctive relief in ***any*** federal case,

24   however, Plaintiffs must plead plausible facts suggesting a possible imminent threat of future injury

25   to themselves. *See*, *e.g*., *Jones v. Nutiva, Inc*., 2017 WL 3617104, at *4 (N.D. Cal. Aug. 23, 2017).

26   This rule comes from long-standing <u>binding</u> Supreme Court precedent. *See Driehaus*, 573 U.S. at

27   158; *TransUnion*, 594 U.S. at 435; *Steel Co*, 523 U.S. at 108-09; *Summers*, 555 U.S. at 493.

28          Here, Plaintiffs do not allege any facts in their Complaint suggesting they are at any

-14-

imminent risk of any future injury (*i.e.*, of receiving additional violative calls from or on behalf of Freedom in the future), which warrants dismissal of their requests for injunctive relief under Rule 12(b)(1). *See, e.g.*, *Miller,* 2016 WL 7471302, at \*2–4. McGonigle, for example, allegedly received only a single call in December 2024. Dkt. 1, ¶ 17. There are no facts to suggest he may receive further calls in the future. Similarly, Gomez allegedly received three calls over the course of three days in March 2025 and does not allege she has received any calls since. *Id*. ¶¶ 31-34. Failure to allege such facts warrants dismissal of the request for injunctive relief under Rule 12(b)(1). *See Miller*, 2016 WL 7471302, at \*2-4 (dismissing request for injunctive relief in TCPA case on this basis).

## CONCLUSION

For all the reasons above, Plaintiffs' Complaint should be dismissed in its entirety under Rule 12(b)(1) and/or Rule 12(b)(6).

Dated: August 22, 2025                                  Respectfully submitted,


                                                        By: /s/ *John W. McGuinness*
                                                        John W. McGuinness
                                                        **MANATT, PHELPS & PHILLIPS, LLP**
                                                        1050 Connecticut Ave. NW
                                                        Suite 600
                                                        Washington, D.C. 20036
                                                        Telephone: 202.585.6500
                                                        Fax: 202.585.6600

                                                        ***Attorneys for Defendant***


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was electronically filed and served on all counsel of record in the above-captioned matter on August 22, 2025 via the Court's CM/ECF filing service.


                                                        */s/ John W. McGuinness*